**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TIEN CHAU, | |
| Plaintiff, | No. 23 CV 14838 |
| v. | |
| CARY SCHOOL DISTRICT 26, | JURY DEMANDED |
| Defendant. | |

**COMPLAINT**

Plaintiff Tien Chau ("Plaintiff"), by and through her attorneys, the Law Offices of Michael T. Smith & Associates, P.C., in complaining of Defendant Cary School District 26 ("Defendant"), states as follows:

**JURISDICTION AND VENUE**

1.      Plaintiff brings this action against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* ("Title VII") for Defendant discriminating against her on the basis of her national origin and race, and for retaliating against her for complaining of race discrimination.

2.      Jurisdiction of this action is conferred upon the Court by 28 U.S.C. § 1331.

3.      Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

4.      Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") ("Exhibit A") and thereafter was sent a Notice of Right to Sue ("Exhibit

1

B").

5.     Plaintiff timely filed the Complaint herein with the United States District Court for the Northern District of Illinois within 90 days of her receipt of the notice of right to sue.

## PARTIES

6.     Plaintiff is an adult, Asian individual of Vietnamese descent and is a resident of Sleepy Hollow, Illinois.

7.     At all times relevant, Defendant was, and is, a school district and body politic organized under the laws of Illinois.

8.     At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under Title VII.

8.     At all times relevant to the allegations herein, Defendant was Plaintiff's "employer" as that term is defined under Title VII.

## FACTUAL ALLEGATIONS

9.     Plaintiff began her employment with Defendant on or around August 16, 2021. Plaintiff's most recent position with Defendant was EL-Bilingual Middle School Teacher. Plaintiff was hired to co-teach with each teacher having 50% teaching responsibility.

10.     At all times relevant to the allegations herein, Plaintiff was meeting the reasonable job performance expectations of Defendant when said expectation were applied by Defendant without regard to race, national origin, or previous EEO activity.

11.     Plaintiff obtained a Doctorate Degree in Education - Educational Leadership and Management in 2010.  Plaintiff advised Defendant at the time that she was hired that she would like to be referred to as "doctor" and requested that her school identification card denote that she is a "doctor" (i.e., Dr. Tien Chau instead of Ms. Tien Chau), but she was never referred to as such

while working for Defendant, except for when she was advised that her contract would not be renewed, and her school identification card did not indicate she is a "doctor". When Plaintiff asked to have her school identification corrected, she was told that the school no longer printed school ID's, which common sense dictates was false. Other non-Asian, non-Vietnamese staff with doctorate degrees were referred to by school staff and administrators as "doctor" and had "doctor" included on their school identification cards (i.e., Dr. Coleman or Dr. Qualls).

12.     Near the end of the Defendant's first trimester, Plaintiff complained about Hispanic students failing disproportionately to non-Hispanic students. Plaintiff's expressed concerns were construed by some teachers as Plaintiff accusing them of being racist.

13.     Thereafter, despite the fact that Plaintiff was hired to coteach classes, was one of the most qualified teacher in the building, held a doctorate degree in Education, and had approximately 20 years of experience, Defendant relegated Plaintiff to substitute teaching duties for the entire middle school for the second and third trimesters. This caused Plaintiff to have to juggle her regular coteaching duties, which were the bases for her evaluation, with substitute teaching duties, without any additional compensation.

14.     The substitute teaching assignment was indisputably an undesirable teaching assignment, and although there were other non-Asian, non-Vietnamese teachers hired at the same time, with the same job description, and on the same team as Plaintiff, she was the only teacher selected by Defendant to substitute teach for the bulk of their time.

15.     Also, in November of 2021, Assistant Principal Jaime Born started the first part of the performance evaluation process using EL support staff standards, which is different from co-teaching staff evaluation standards and not related to Plaintiff's daily job tasks and work assignment. When Plaintiff asked Ms. Born to be evaluated using the correct standards, her request

was denied. Plaintiff asked the administrators to change the performance evaluator to Ms. Lowel, who oversaw the co-teaching team and was training the co-teaching team how to co-teach, but her request was denied.

16. In or around January 2022, Principal Dr. Kimberly Qualls made the completely unwarranted and false statement in front of other staff, "You do not do your job. You just walk around here terrorizing my staff." Plaintiff asked Dr. Qualls what she did or said to cause her to believe that she terrorized staff, but she provided no explanation. Plaintiff took Dr. Qualls' statement implying that she was a terrorist to be race or national origin based because Plaintiff was the only immigrant in the building that she was aware of and the vast majority of the staff was White.

17. In a meeting that occurred in or around February 2022 with Dr. Qualls, a truancy officer, a student, a parent, and other social workers, Plaintiff advocated for a student that Dr. Qualls wanted to expel. Later, Dr. Qualls stated in front of other senior administrators, "Tien, do you want to work here? Because we do not appreciate you coming here and blaming everybody for not to doing their job and failing kids and suggesting that you are the only one with plans and solutions." Dr. Qualls' comment was off base and inappropriate.

18. On March 10, 2022, despite the fact that Plaintiff received a rating of 4 out of 5 on her overall performance review, Ms. Born told Plaintiff that she intended to provide a non-recommendation to the Cary School District 26 Board (the "Board") to hire her for further teaching positions and asked her to resign.

19. Ms. Born further threatened Plaintiff, stating that if her non-recommendation went to the board and was accepted, their votes would become public record and it would then be impossible for her to find work at another public school.

4

20. Plaintiff responded to Ms. Born that she would not resign under duress and if the school had no cause to non-renew her contract, she should receive an honorable discharge so that she could collect unemployment. Ms. Born replied that that was not how things were done at the school.

21. Thereafter, Dr. Qualls doctored an email to fabricate a disciplinary record of Plaintiff's that never existed.

22. On March 14, 2022, Plaintiff sent a detailed email to the Board stating that she would not agree to Ms. Born's request that she resign. She further requested a hearing before the Board so that she could be heard before any decisions were made.

23. On March 17, 2022, Superintendent Dr. Brian Coleman responded to Plaintiff's email on behalf of the Board, stating that Defendant decided not to renew her contract but that he could still offer her the option to resign so that she could move on. Mr. Coleman made the representation that the decision not to renew her contract had already been made, but in fact the Board did not meet on the issue until May of 2022.

24. Plaintiff was never granted a hearing by the Board, and due to the threats made by Defendant regarding her ability to secure state teachings positions in the future if she did not resign, she decided to resign.

25. Out of the two other co-teachers that were hired at the same time as Plaintiff, one was Hispanic and the other was White. The Hispanic teacher was also terminated/asked to resign and the White teacher was given an "honorable discharge" near the end of the second trimester, which allowed her to collect unemployment.

**COUNT I**
**(TITLE VII – RACE DISCRIMINATION)**

26. Plaintiff re-alleges paragraphs 1 through 25 and incorporates them as if fully set

forth herein.

27.     Title VII, 42 U.S.C. §2000e-2(a)(1), prohibits employers from discriminating against employees on the basis of race.

28.     By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her race when it terminated her employment and subjected her to a hostile work environment.

29.     As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

30.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible race discrimination.

31.     Plaintiff demands to exercise her right to a jury trial of this matter.

<strong>RELIEF REQUESTED AS TO COUNT I</strong>

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count I and that it:

a)      Award Plaintiff equitable/injunctive relief;

b)      Award Plaintiff the value of all actual damages to be proved at trial;

c)      Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages and damages for emotional distress;

d)      Award Plaintiff reinstatement, or front pay in the alternative;

e)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)      Award Plaintiff any other relief this Court deems just and proper.

<strong>COUNT II</strong><br><strong>(TITLE VII – NATIONAL ORIGIN DISCRIMINATION)</strong>

32.     Plaintiff re-alleges paragraphs 1 through 25 and incorporates them as if fully set

6

forth herein.

33.     Title VII, 42 U.S.C. §2000e-2(a)(1), prohibits employers from discriminating against employees on the basis of national origin.

34.     By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her national origin when it terminated her employment and subjected her to a hostile work environment.

35.     As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

36.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible national origin discrimination.

37.     Plaintiff demands to exercise her right to a jury trial of this matter.

**RELIEF REQUESTED AS TO COUNT II**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count II and that it:

a)      Award Plaintiff equitable/injunctive relief;

b)      Award Plaintiff the value of all actual damages to be proved at trial;

c)      Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages and damages for emotional distress;

d)      Award Plaintiff reinstatement, or front pay in the alternative;

e)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)      Award Plaintiff any other relief this Court deems just and proper.

**COUNT III**
**(TITLE VII - RETALIATION)**

38.     Plaintiff re-alleges paragraphs 1 through 25 and incorporates them as if fully set

7

forth herein.

39.     Title VII prohibits employers from retaliation against employees for opposing race discrimination in the workplace.

40.     By its conduct as alleged herein, Defendant retaliated against Plaintiff opposing race discrimination in the workplace.

41.     By its conduct as alleged herein, Defendant retaliated against Plaintiff for opposing race discrimination in the workplace by terminating her employment and subjecting her to a hostile work environment.

42.     As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

43.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

44.     Plaintiff demands to exercise her right to a jury trial of this matter.

**RELIEF REQUESTED AS TO COUNT III**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count III and that it:

a)      Award Plaintiff equitable/injunctive relief;

b)      Award Plaintiff the value of all actual damages to be proved at trial;

c)      Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages and damages for emotional distress;

d)      Award Plaintiff reinstatement, or front pay in the alternative;

e)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)      Award Plaintiff any other relief this Court deems just and proper.

**TIEN CHAU**

By:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney


Michael T. Smith (ARDC No. 6180407 IL)
LAW OFFICES OF MICHAEL T. SMITH & ASSOCIATES, P.C.
10 Martingale Road, Suite 400
Schaumburg, Illinois 60173
(847) 466-1099